SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 22-20055-CIV-WILLIAMS/McALILEY

LAUREN BARHAM UREY, MATTHEW UREY, and
OMKAR SINGH, as Personal Representative of the
Estates of PRATAP SINGH and MAYUARI SINGH, Deceased,

    Plaintiffs,

v.

ID TOURS NEW ZEALAND LIMITED,

    Defendant.
_____/

LAUREN BARHAM UREY, MATTHEW UREY, and
OMKAR SINGH, as Personal Representative of the
Estates of PRATAP SINGH and MAYUARI SINGH, Deceased,

    Garnishors,

v.

ROYAL CARIBBEAN CRUISES LTD. d/b/a
ROYAL CARIBBEAN GROUP, CELEBRITY CRUISES INC.,
CARNIVAL CORPORATION, and NCL (BAHAMAS) LTD.,

    Garnishees.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Plaintiffs, LAUREN BARHAM UREY, et al., by and through undersigned counsel, hereby respond in opposition to Defendant, ID TOURS NEW ZEALAND LIMITED'S ("ID Tours[']") Motion to Strike Plaintiffs' Notice of Supplemental Authority, as follows:

**I. Introduction**

The instant matter arises out of the tragic incident that killed 22 people and catastrophically injured and burned over 20 others due to a volcano eruption. The Plaintiffs were among those on

the volcano when it erupted because they were on a volcano tour at the time, as part of an excursion they purchased in connection with their Royal Caribbean cruise. ID Tours was the entity that contracted with Royal Caribbean to provide the volcano tour excursion to passengers.

The Plaintiffs initiated lawsuits against, *inter alia*, Royal Caribbean and ID Tours. In both cases, the Court found it did not have personal jurisdiction over ID Tours. *See Barham v. Royal Caribbean Cruises Ltd.*, 556 F. Supp. 3d 1318, 1333 (S.D. Fla. 2021); *see also Singh v. Royal Caribbean Cruises Ltd.*, 20-24987-CIV, 2021 WL 6884873, at *7 (S.D. Fla. Dec. 10, 2021). The Plaintiffs' claims against Royal Caribbean remain pending. However, in light of the Court's jurisdictional finding, Plaintiffs initiated this matter against ID Tours under Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

On April 6, 2022, ID Tours filed a Motion to Quash and/or Vacate Rule B Process, Dismiss Claims Against It, and Request for Security and for Rule E(4)(f) Hearing. [ECF No. 17]. Among the arguments raised, ID Tours claimed that "[i]f ID Tours is successful in vacating the writs of attachment, Local Rule B(5)(b) <u>requires</u> that this Court 'shall award attorney's fees, costs, and other expenses incurred by any party as a result of the seizure.'" [Id. at p. 16] (emphasis added).

On April 20, 2022, Plaintiffs timely filed their response to ID Tours' motion, including the argument against the Court awarding attorney's fees, costs, and other expenses. [ECF No. 18, p. 19]. On July 22, 2022, Plaintiffs filed a Notice of Supplemental Authority with two cases, wherein the Court discussed Local Admiralty Rule B(5)(b), which is the rule ID Tours claims "requires" the Court to award attorney's fees, costs, and other expenses. [ECF No. 23].

To date, ID Tours' Motion to Quash remains pending before this Honorable Court. The Motion is currently set for hearing on August 18, 2022 at 1:30 p.m. [ECF No. 26].

At issue herein is ID Tours' Motion to Strike Plaintiffs' Notice of Supplemental Authority. [ECF No. 24]. As set forth below, ID Tours' Motion to Strike should be denied because it is based entirely on outdated legal authority.

## II. **Applicable Standard**

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"Motions to strike are considered 'drastic' and are disfavored by the courts." *San Rocco Inv. Corp. v. Scottsdale Ins. Co.*, 15-22646-CIV, 2016 WL 10592365, at *1 (S.D. Fla. Mar. 14, 2016) (Williams, J.) (citation omitted); *see also Bender v. Miami Shores Vill.*, 10-22101-CIV, 2011 WL 13220687, at *1 (S.D. Fla. Dec. 14, 2011) (McAliley, J.) (citing case noting that motions to strike are "often considered time wasters").

Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *San Rocco*, 2016 WL 10592365, at *1 (citation omitted).

## III. **ID Tours' Motion to Strike should be denied because it applies the wrong law.**

All of the authority ID Tours relies on in its motion are easily distinguishable with one simple fact: they all apply the wrong law.

Specifically, this Court's Local Rule 7.8 addresses Notices of Supplemental Authority, and it states as follows:

RULE 7.8 NOTICE OF SUPPLEMENTAL AUTHORITY.

**If one or more pertinent and significant authorities come to a party's attention after the party's motion or memorandum of law has been filed or after oral argument but *before a decision has been rendered*, a party may promptly file a notice of supplemental authority. Such authority may *predate* the motion, memorandum, or oral argument.** The notice shall contain citations to the supplemental authority and shall state the reasons for the filing of the supplemental

citations, referring either to the page of the motion or memorandum of law or to a point argued orally. Within seven (7) days of the filing of such a notice, an opposing party may file a response that: (i) shall be limited to discussion of the notice and authorities cited therein; and (ii) may refer to a page of a previously filed motion or memorandum of law or to a point argued orally. The bodies of the notice and the response shall not exceed 200 words each. No replies are permitted.

Effective December 1, 2021.

S.D. Fla. L. R. 7.8 (emphasis added).

This Court's Local Rule 7.8 therefore unequivocally authorizes parties to file notices of supplemental authority with authorities that "predate the motion, memorandum, or oral argument." [Id.] (emphasis added). And parties may do so at any time – even "after oral argument" – so long as it is filed "before a decision has been rendered[.]" Id. This rule has been effective since December 1, 2021. [Id.]

There should be no question that this rule is directly applicable herein, and Plaintiffs specifically referenced Local Rule 7.8 in their Notice of Supplemental Authority. [ECF No. 23, p. 1]. Nevertheless, the rule is not mentioned anywhere in ID Tours' Motion to Strike. Instead, ID Tours' Motion lists cases that both (a) precede Local Rule 7.8, and (b) are entirely contradicted by Local Rule 7.8.

Indeed, ID Tours seeks to strike Plaintiff's Notice of Supplemental Authority for issues that Local Rule 7.8 explicitly allows. To that point, ID Tours first argues that Plaintiffs' Notice is untimely. Yet, as stated, ID Tours' Motion to Quash remains pending, and the hearing for same has not yet taken place. Since Local Rule 7.8 only requires that the notice be filed "before a decision has been rendered," Plaintiffs' Notice is timely.

ID Tours next argues that Plaintiffs' Notice is improper because the cases filed as supplemental authority "existed at the time Plaintiffs filed their Response." [ECF No. 24, p. 4].

Once again, as stated, Local Rule 7.8 clearly allows authorities that "predate the motion, memorandum, or oral argument." S.D. Fla. L. R. 7.8.  As such, Plaintiffs' Notice is proper.

Finally, ID Tours argues Plaintiffs' Notice should be stricken because it was filed without leave of Court, as required for sur-replies.  The Plaintiffs respectfully submit that their Notice of Supplemental Authority is just that – a Notice of Supplemental Authority, not a sur-reply.  Further, Plaintiffs filed the Notice pursuant to Local Rule 7.8, which does not require leave of Court.

Also, unlike a sur-reply, Plaintiffs' Notice does not contain any argument.  The Notice merely contains citations to the supplemental authority and references to the pages of ID Tours' motion and Plaintiffs' response discussing Local Admiralty Rule B(5)(b), which is exactly what Local Rule 7.8 requires. *See* S.D. Fla. L. R. 7.8 ("The notice shall contain citations to the supplemental authority and shall state the reasons for the filing of the supplemental citations, referring either to the page of the motion or memorandum of law or to a point argued orally.")

Pursuant to Local Rule 7.8, ID Tours had "seven (7) days of the filing of such a notice" to "file a response[.]" [Id.].  ID Tours, however, chose not to file a response.  ID Tours chose instead to file a Motion to Strike, which is outdated and should be denied for that reason and those set forth above.

Respectfully submitted,

By: */s/ Jacqueline Garcell*
**MICHAEL A. WINKLEMAN** (FBN 36719)
mwinkleman@lipcon.com
**JACQUELINE GARCELL** (FBN 104358)
jgarcell@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:  */s/ Jacqueline Garcell*
 **JACQUELINE GARCELL**

[ REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK ]

## SERVICE LIST
*Barham Urey, et al. v. ID Tours New Zealand Limited, et al.*
Case No. 22-cv-20055-KMW

**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Michael A. Winkleman, Esq.**
mwinkleman@lipcon.com
**Jacqueline Garcell, Esq.**
jgarcell@lipcon.com
**L. Alex Perez, Esq.**
aperez@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiffs*

**Jeffrey E. Foreman, Esq.**
jforeman@fflegal.com
**Darren W. Friedman, Esq.**
dfriedman@fflegal.com
**Marian Rivera, Esq.**
mrivera@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-358-6555/Fax: 305-374-9077
*Attorneys for Defendant, ID Tours*

**Jerry D. Hamilton, Esq.**
jhamilton@hamiltonmillerlaw.com
**Carlos J. Chardon, Esq.**
cchardon@hamiltonmillerlaw.com
**Spencer B. Price, Esq.**
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Garnishees, Royal Caribbean and Celebrity*

**Christopher E. Knight, Esq.**
cknight@fowler-white.com
**Cameron W. Eubanks, Esq.**
ceubanks@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Garnishee, Carnival*

**Todd L. Sussman, Esq.**
tsussman@nclcorp.com
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone: (305) 436-4653
Facsimile: (305) 468-2132
*Attorneys for Garnishee, NCL*